Filed 6/12/24  Fisher v. Landers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| AMY FISHER et al., | C096204 |
| Plaintiffs and Appellants, | (Super. Ct. No. PR-2020-145) |
| v. | |
| AVA LANDERS, as Trustee, etc., | |
| Defendant and Respondent. | |

Plaintiffs Amy Fisher, Kim Ridgway, David Ide, and Samantha Ide appeal the trial court's order finding defendant Ava Landers entitled to all proceeds from a benefits plan covered by the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 et seq.) (Act).  We affirm because we conclude plaintiffs have not provided a sufficient record for meaningful review.

1

FACTUAL AND PROCEDURAL BACKGROUND

The record here includes the trial court's statement of decision, the resulting notices of entry of the decision and entry of the judgment, notice of appeal, appellant's notice designating the record on appeal, and the register of action.[1]

The statement of decision states the trial court "on its own motion and using its inherent power bifurcated the trial and separated and tried first the question of [the Act] preemption and specifically whether [the Act] preempts any [s]tate law claims that have been brought by [plaintiffs] in this case." The trial court found the following facts "uncontroverted" from the testimony and evidence presented: "The decedent, David Ide,[2] during his employment and at the time of his retirement, was a participant in the [r]etirement [s]avings [p]lan for [u]nion [r]epresented [e]mployees at [Pacific Gas & Electric], a 401(k) [p]lan governed by [the Act]. Before his retirement, during his retirement and at the time of his death, his non-participating and surviving spouse, [defendant], never executed a spousal consent form consenting to a beneficiary other than herself for the 401(k) [p]lan proceeds." The trial court then concluded: "Based on the statutory framework of [the Act] and the case law interpreting it, including [*Carmona v. Carmona* (9th Cir. 2010) 603 F.3d 1041], the [c]ourt concludes that [the Act] preempts any [s]tate law claims governing the proceeds from the decedent's 401(k) [p]lan. To hold otherwise would be to allow [s]tate law claims to contravene the dictates of [the Act]. As such, [defendant] is entitled to the full proceeds of the decedent's 401(k) [p]lan, and the remaining bifurcated issues are therefore denied."

Plaintiffs appeal.

---

[1]     Plaintiffs note our ability to take judicial notice of certain records but plaintiffs did not make any request for judicial notice.

[2]     This appears to be a different David Ide than the one listed as a plaintiff and appellant in this litigation.

DISCUSSION

Plaintiffs argue the trial court erred in ruling the Act preempted their state law claims. They assert: "[B]ecause [defendant] already received the 401(k) disbursement, [the Act] does not apply to [plaintiffs'] state law claims." Defendant contends plaintiffs failed to provide an adequate record sufficient to show error. We agree with defendant.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. . . .' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

Plaintiffs assert the statement of decision is sufficient for our review because their appeal rests on purely legal issues, stating the "appeal does not challenge the trial court's factual findings but rather its application and interpretation of the law as reflected in the attached judgment and statement of decision." But plaintiffs' legal argument lacks merit or otherwise depends on factual issues not evidenced in the statement of decision or elsewhere in the limited record.

The Act requires certain disbursements be made from a covered plan to a spouse unless the spouse specifically waives the right. (See 29 U.S.C. § 1055 subds. (a)(1), (d)(1), (c)(2); *Boggs v. Boggs* (1997) 520 U.S. 833, 842.) And the Act has a preemption section stating the Act "shall supersede any and all [s]tate laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the Act. (29 U.S.C. § 1144(a).) "[A] state law relates to an [Act] plan 'if it has a connection with or reference

3

to such a plan.' " (*Egelhoff v. Egelhoff* (2001) 532 U.S. 141, 147.)  The United States Supreme Court has "observed repeatedly that this broadly worded provision is 'clearly expansive.' " (*Id*. at p. 146.)  Thus, the Act generally preempts state laws that impede the required disbursements from covered plans to qualified spouses.  (See *Boggs*, at pp. 842-844 [finding the Act preempted Washington state's community property law that could permit "a surviving spouse's guaranteed annuity below the minimum set by [the Act]"].)  The Ninth Circuit applied this rule in *Carmona*, the case the trial court relied on in its statement of decision, to find the Act preempted a constructive trust imposed by a state court that changed the survivor beneficiary to someone other than the covered spouse.  (*Carmona v. Carmona*, *supra*, 603 F.3d at pp. 1049, 1062.)

We find nothing in the trial court's statement of decision inconsistent with these legal standards.

Plaintiffs assert the trial court erred because the Act does not preempt "[p]ost-distribution claims, particularly those addressing equitable rights to disbursed funds." The general rule is that "[the Act] can preempt state law even after benefits have been disbursed to beneficiaries."  (*Carmona v. Carmona*, *supra*, 603 F.3d at p. 1061.)  But "[i]t may not be that all constructive trusts instituted by state courts, particularly those that seek to recover ill-gotten gains, will have a sufficient connection with or reference to an [Act] plan to trigger [the Act's] preemption provision."  (*Id*. at p. 1062.)  As stated in authority cited by plaintiffs, these types of suits "most often arise out of waivers in divorce decrees or a premarital agreement[]."  (Comment, *When Happily Ever After is Not Ever After, After All: Rectifying the Plan Documents Rule Under ERISA to Benefit the Right Person* (2010) 52 S.Tex. L.Rev. 127, 133.)  Plaintiffs also cite to cases "holding that creditors can sue named beneficiaries to recover plan benefits once those benefits have been distributed."  (*Estate of Kensinger v. URL Pharma, Inc.* (3d Cir. 2012) 674 F.3d 131, 137; see *Kickham Hanley P.C. v. Kodak Ret. Income Plan* (2d Cir. 2009) 558 F.3d 204, 211 [" 'Only once the proceeds of the pension plan have been released to

4

the beneficiary's hands, can creditors and others pursue claims against the funds and the funds' owner(s)' "].)

But the record is insufficient to assess these legal issues. Most notably, the record does not disclose the causes of action plaintiffs assert against defendant. The specific claims are not mentioned in the statement of decision and the operative petition is not in the record. The record also lacks a reporter's transcript. Plaintiffs did request its inclusion in the record, but a superior court employee filed a declaration stating they were unable to prepare the transcript because plaintiffs failed to completely fill out the request; plaintiffs did not file an amended designation of record. This transcript could describe the evidence heard and considered by the trial court to assess the basis of plaintiffs' claims, such as plan documents, how and when funds were disbursed, or marital agreements. We therefore do not have in the record anything establishing whether plaintiffs' state law claims relate to the plan, whether the claims are based on pre- or postdistribution of benefit funds, whether plaintiffs' claims are equitable, whether plaintiffs could be considered creditors, or whether any other unique factual circumstance may permit plaintiffs' claims to avoid the broad sweep of the Act's preemption. We must therefore affirm the trial court's order because plaintiffs have failed to provide an adequate record for meaningful review. (See *Bains v. Moores* (2009) 172 Cal.App.4th 445, 478 [affirming order sustaining demurrer because the plaintiffs failed to include the operative complaint in the record].)

# DISPOSITION

The judgment is affirmed. Plaintiffs shall pay costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)

/s/\
ROBIE, Acting P. J.

We concur:

/s/\
DUARTE, J.

/s/\
WISEMAN, J.*

---

\*    Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6